UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MED-DEPOT, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 0:12-cv-00350 (PAM-SER) |
| FARNAM STREET FINANCIAL, INC., | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COMES NOW Plaintiff Med-Depot, Inc. and hereby files its Amended Complaint against Defendant Farnam Street Financial, Inc., by showing the Court the following:

### I.
### Parties, Jurisdiction, and Venue

1. Plaintiff Med-Depot, Inc. ("*Plaintiff*") is an Oklahoma corporation with its principal place of business located at 2120 Hutton Dr., Suite 600, Carrollton, Dallas County, TX 75006. Plaintiff is a resident of the states of Oklahoma and Texas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2. Defendant, Farnam Street Financial, Inc. ("*Defendant*") is a Florida corporation registered to do business in the state of Minnesota, with its principal place of business located in Minnetonka, Hennepin County, Minnesota at 240 Pondview Plaza, 5850 Opus Parkway, Minnetonka, MN 55343. Defendant can be served with process at its registered office at 240 Pondview Plaza, 5850 Opus Parkway, Minnetonka, MN 55343, or through its President, Steven C. Morgan, at 240 Pondview Plaza, 5850 Opus Parkway, Minnetonka, MN 55343 or wherever else he might be found. Defendant is a resident of the states of Florida and Minnesota for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

1

3. The parties are diverse, and the amount in controversy requirement of $75,000.00 is present. Accordingly, pursuant to 28 U.S.C. § 1332(a)(1), jurisdiction is proper in this Court.

4. Venue of this action is proper under 28 U.S.C. § 1391(b)(1) (as a judicial district where any defendant resides) and 28 U.S.C. § 1391(b)(2) (a judicial district in which a substantial part of the events giving rise to the claim occurred).

5. All conditions precedent to instituting this action have been performed or have occurred.

## II.
## Factual Background

6. Plaintiff, as lessee, and Defendant, as lessor, are parties to that certain Lease Agreement Number ME110306 dated and effective as of November 3, 2006 (together with all applicable schedules and addenda thereto, the "***Lease Agreement***"). A true and correct copy of the Lease Agreement (without applicable schedules and addenda thereto) is attached hereto as Exhibit A. In connection with the Lease Agreement, Plaintiff paid Defendant security deposits totaling $114,651 (the "***Security Deposits***").

7. Pursuant to the Lease Agreement, Defendant purported to lease various medical equipment to Plaintiff. The Lease Agreement defined all equipment, software, and services subject to the Lease Agreement as "Equipment."

8. The Lease Agreement was purportedly a "finance lease" (as that term is defined in Article 2A of the Uniform Commercial Code), through which Defendant financed the purchase and purported lease of the Equipment from a separate vendor.

9. The identity of the Equipment purportedly leased was amended from time to time, and pursuant to Lease Schedule No. 004, the term of the purported lease was scheduled to

terminate on or about January 2012. The lease payment in Lease Schedule No. 004 was $31,000 per month, or $372,000 per year.

10.     Prior to the end of the lease term, Plaintiff timely provided Defendant with notice of its intention to terminate the Lease Agreement. Defendant provided return instructions for the Equipment, and Plaintiff returned non-disposable and returnable equipment to Defendant pursuant to Defendant's instructions. However, the schedules to the Lease Agreement contained various items purportedly "leased" to Plaintiff but impossible to return. Such Equipment includes, without limitation, the following:

- Shipping & Handling Charges;
- Delivery Charges;
- Mattresses;
- Mattress covers;
- Batteries;
- Nasal kits;
- Gel overlays;
- Gel mattresses;
- Gel cushions;
- Foam cushions;
- Eggcrate pads;
- Masks;
- Replacement/spare parts; and
- Filters.

11.     By definition, these items cannot be returned because they are either unreturnable or the original term of the lease was equal to or greater than the remaining economic life of such items.

12. After Plaintiff returned the returnable Equipment, Defendant advised Plaintiff that because less than 100% of the Equipment was returned, Defendant was renewing the <u>entire</u> lease schedule at the full lease price. In other words, Defendant was continuing to charge Plaintiff for the lease of Equipment returned to Defendant pursuant to Defendant's request. A true and correct copy of Defendant's demand regarding Lease Schedule No. 004 is attached hereto as <u>Exhibit B</u>.

13. The Lease Agreement further provides two mechanisms for paying the Casualty Loss Value of Equipment not returned to Defendant, one for before and one for after termination of a lease schedule. Defendant has failed to provide any calculation of the Casualty Loss Value of Equipment in accordance with the Lease Agreement. Moreover, the mechanism for calculating the Casualty Loss Value <u>after</u> lease termination results in a windfall to Defendant and acts as a penalty to Plaintiff.

### III.
### Causes of Action

### Count I – Breach of Contract

14. Plaintiff hereby incorporates the foregoing paragraphs by reference.

15. The Lease Agreement constitutes an enforceable contract between Plaintiff and Defendant.

16. Plaintiff materially performed its duties under the Lease Agreement.

17. The Lease Agreement provides a mechanism for Plaintiff to pay the "Casualty Loss Value" for Equipment not returned to Defendant. Defendant has failed to provide a "Casualty Loss Value" in accordance with the Lease Agreement, and has instead asserted that it was renewing the <u>entire</u> lease schedule at the full lease price, even for Equipment returned to Defendant pursuant to Defendant's request.

18. Defendant has further failed to return the Security Deposit or offer Plaintiff a credit of any sort for the Security Deposit. Nowhere in the Lease Agreement is the Defendant authorized to keep the Security Deposit in its entirety.

19. Defendant's actions constitute a breach of the Lease Agreement, resulting in damages to Plaintiff, for which it now sues.

### Count II – Fraud - "Casualty Loss Value"

20. Plaintiff hereby incorporates the foregoing paragraphs by reference.

21. Defendant fraudulently and knowingly made a material misrepresentation to Plaintiff when Defendant stated in the Lease Agreement that Plaintiff could pay a "Casualty Loss Value" if Equipment was not returned at the end of a lease term.

22. Defendant's representation that Plaintiff could pay a "Casualty Loss Value" if Equipment was not returned at the end of a lease term was false.

23. The falsity of Defendant's statement is demonstrated by Defendant's assertion that Lease Schedule No. 004 has renewed in its entirety, even for Equipment already returned to Defendant pursuant to Defendant's request.

24. Defendant's representations were material because Defendant would not have executed the Lease Agreement had it known Defendant would ignore the "Casualty Loss Value" provisions in the lease.

25. When Defendant made the representations, Defendant knew the representations were false or made the representations with no intent to honor it, or made the representations recklessly, as a positive assertion, and without knowledge of its truth.

26. Defendant made the representation with the intent that Plaintiff would act on it. Defendant's objective was to defraud Plaintiff and induce Plaintiff into executing the Lease Agreement and schedules thereto.

27. Plaintiff reasonably relied on Defendant's intentional misrepresentation by executing the Lease Agreement and schedules thereto in reliance on the representations made by Defendant therein.

28. Plaintiff was unaware of the falsity of Defendant's intentional representations or omissions and unaware of Defendant's true intent.

29. Defendant's actions constitute fraud and have proximately caused Plaintiff to suffer damages in excess of the minimum jurisdictional limits of the Court, for which Plaintiff now sues.

### Count III – Fraud – Security Deposits

30. Plaintiff hereby incorporates the foregoing paragraphs by reference.

31. Defendant fraudulently and knowingly made a material misrepresentation to Plaintiff when it represented to Plaintiff that Plaintiff's payments of $100,000, and later an additional $14,651, were each a "Security Deposit."

32. Defendant's representation that such funds were Security Deposits was false.

33. The falsity of Defendant's statement is demonstrated by Defendant's refusal to return or allow Plaintiff any credit for the Security Deposits.

34. Defendant's representations were material because Defendant would not have executed the Lease Agreement had it known Defendant would simply keep the Security Deposits.

35. When Defendant made the representations, Defendant knew the representations were false or made the representations with no intent to honor it, or made the representations recklessly, as a positive assertion, and without knowledge of its truth.

36. Defendant made the representation with the intent that Plaintiff would act on it. Defendant's objective was to defraud Plaintiff and induce Plaintiff into executing the Lease Agreement and schedules thereto.

37. Plaintiff reasonably relied on Defendant's intentional misrepresentation by executing the Lease Agreement and schedules thereto in reliance on the representations made by Defendant therein.

38. Plaintiff was unaware of the falsity of Defendant's intentional representations or omissions and unaware of Defendant's true intent.

39. Defendant's actions constitute fraud and have proximately caused Plaintiff to suffer damages in excess of the minimum jurisdictional limits of the Court, for which Plaintiff now sues.

## Count IV – Declaratory Judgment

40. Plaintiff hereby incorporates the foregoing paragraphs by reference.

41. With respect to the Equipment that cannot be returned (including services) the Lease Agreement is a disguised financing under applicable law because, without limitation, the original term of the lease was equal to or greater than the remaining economic life of such Equipment.

42. A judiciable controversy exists regarding Plaintiff's rights under the Lease Agreement. Plaintiff requests the following declarations from the Court:

- With respect to the Equipment that cannot be returned (including services) the Lease Agreement is a disguised financing under applicable law because, without limitation, the original term of the lease was equal to or greater than the remaining economic life of such Equipment. For all such Equipment, Plaintiff is the owner of such Equipment and owes no further payment to Defendant. Any further payments would be unlawful and usurious;

- Defendant must return the Security Deposits to Plaintiff or, in the alternative, credit the full amount of the Security Deposits to any lawful damages Defendant establishes;

- Defendant is excused from paying the entire $31,000 Monthly Lease Charge pursuant to Lease Schedule No. 004 for a renewed term of one year because it was impossible to return all of the Equipment subject to Lease Schedule No. 004;

- Defendant is excused from paying the entire $31,000 Monthly Lease Charge pursuant to Lease Schedule No. 004 for a renewed term of one year because it is unconscionable to allow Defendant to renew the entire Lease Schedule No. 004, at the entire Monthly Lease Charge of $31,000, even for Equipment returned to Defendant at Defendant's request;

- Defendant is excused from paying the entire $31,000 Monthly Lease Charge pursuant to Lease Schedule No. 004 for a renewed term of one year because the Lease Agreement was procured through the Defendant's fraud;

- Defendant is excused from paying the entire $31,000 Monthly Lease Charge pursuant to Lease Schedule No. 004 for a renewed term of one year because Defendant's assertion of automatic renewal of the entire Lease Schedule No. 004, at the entire

Monthly Lease Charge of $31,000, even for Equipment returned to Defendant at Defendant's request, is void as against public policy; and

- Defendant is excused from paying the entire $31,000 Monthly Lease Charge pursuant to Lease Schedule No. 004 for a renewed term of one year because any such extension is unsupported by consideration.

- Defendant's calculation of the Casualty Loss Value is not in accordance with the Lease Agreement and is an unenforceable penalty.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment in its favor as follows:

A. Awarding Plaintiff damages as a result of (i) Defendant's breach of contract or (ii) in the alternative, fraud, in the amount of no less than $75,000.00, together with attorneys' fees and costs in prosecuting this action, court costs and all other fees incurred by Plaintiff in pursuing this collection;

B. Awarding Plaintiff the declaratory relief requested herein;

C. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum rate allowable by law; and

D. Such other and further relief as the Court may deem just and proper.

Plaintiff hereby demands a jury trial.

Respectfully submitted this 24th day of February, 2012.

By: _____
George W. Soule (#103664)
george.soule@bowmanandbrooke.com
Melissa R. Stull (#0387060)
melissa.stull@bowmanandbrooke.com
BOWMAN AND BROOKE LLP

150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Phone: 612.339.8692
Fax:  612.672.3200

**COUNSEL FOR PLAINTIFF
MED-DEPOT, INC.**